# EXHIBIT H

## AGREEMENT FOR THE PROVISION OF SERVICES

THIS AGREEMENT is made on the 10 day of December, 2014

BETWEEN:

(1) LEDRIDGE INVESTMENTS LIMITED, a company registered in British Virgin Islands, under registration number 1787652, with its registered office at P.O. Box 3175, Road Town, Tortola, British Virgin Islands ("Ledridge").

AND

(2) ALTAMONTE HOLDINGS LIMITED, a company registered in British Virgin Islands, under registration number 1821394, with its registered office at P.O. Box 3175, Road Town, Tortola, British Virgin Islands ("Altamonte").

(3) CHRISTODOULOS G. VASSILIADES & CO. LLC a lawyers' limited liability company registered in the Republic of Cyprus, under registration number 244054, with its registered office at 15 Aginu Pavlou, LEDRA HOUSE, Agios Andreas, 1105 Nicosia, Cyprus ("CGV").

IN CONSIDERATION OF THE MUTUAL OBLIGATIONS AND PROMISES HEREINAFTER CONTAINED, IT IS HEREBY AGREED as follows:

1. Definitions and interpretation

   1.1. The following terms shall have the following meanings for the purposes of this Agreement:

   "Business Day" means a day on which Banks are open in Cyprus in USA, in UK and in Russian Federation;

   "Commencement Date" means 10 December, 2014.

   "Confidential Information" means all information and records which may reasonably be regarded as confidential (in whatever form held and whether commercial, financial, technical, or otherwise) including (without limitation) all



Fed. R. Crim. P. 6(e) Material
FOIA Confidential Treatment Requested

CGV_ 0009009

formulas, specifications, films, data, manuals and instructions and all information, business plans and forecasts and all computer software and computer readable media and all accounting and tax records, correspondence, orders and inquiries relating to the relevant person or its business or affairs;

"Fee" means the fee payable to Ledridge in consideration of the provision of the Services as detailed in Clause 4.1 hereof;

"USA company" means the Company '40. North Star LLC' registered under in Aspen, Colorado.

"USA lawyers" means the law firm of Klein, Cote Edwards Citron LLC situated at 101, Sout Mill str, suite 200, Aspen, CO 81611

"Property" means immovable property owned by USA company as of the date of this Agreement.

"Parties" means Ledridge, Altamonte and CGV.

"Services" means the services to be provided by Ledridge including but not limited to the ones listed below:

a. Arranging with the assistance of CGV (CGV to act as liaison between Ledridge and Altamonte) to collect any invoices and or proforma notes and or any other requests for payment (collectively referred to as "Invoices") from the USA lawyers related to the Property management services and expenses;
b. Arranging with the assistance of GCV (CGV to act as liaison between Ledridge and Altamonte) to analyze such invoices and present them to Altamonte for further payment;
c. Provide any kind of assistance to be requested by Altamonte in respect of the preparation of planning, control and or any other projection with regards to any type of costs related to the Property maintenance and management.
d. Generally to advise on any kind of matters related to the costs of cleaning, maintaining and repairing of the Property.

1.2. Clause headings are inserted for convenience of reference only and shall be ignored in the interpretation of this Agreement. References to clauses are to be construed as references to clauses of this Agreement. Words importing the plural shall include the singular and vice versa.

1.3 Reference to provisions of statues, rules or regulations shall be deemed to include reference to such provisions as amended, modified or re-enacted from time to time.



Fed. R. Crim. P. 6(e) Material
FOIA Confidential Treatment Requested

CGV_ 0009010

2. Appointment and Term

   2.1. Altamonte is the sole shareholder of the USA Company which is the owner of the Property.
   2.2. Altamonte hereby appoints Ledridge to provide to it the Services in consideration for the Fee payable to Ledridge pursuant to the terms of Clause 4 below.
   2.3. Ledridge and Altamonte hereby agree to appoint CGV as their liaison with the USA lawyers in order to coordinate in the best possible way the provision of the Services.
   2.4. Ledridge shall have the authority to take such actions as it may from time to time in its absolute discretion consider necessary to enable it to perform this Agreement.
   2.5. This Agreement shall come into force on the Commencement Date and shall continue until 31 December 2015, unless terminated earlier in accordance with the provisions of this Agreement. The Term of this Agreement may be extended for any period of time by mutual agreement of the Parties.

3. Obligations of Ledridge

   3.1. Ledridge undertakes to:
   3.1.1. Provide the Services in a timely, competent, professional and efficient manner;
   3.1.2. coordinate with CGV for the collection, analysis and further submission of the invoices for payment to Altamonte;
   3.1.3. to do all other things in the ordinary course of business which are reasonable required for the proper provision of the Services.

4. Obligations of Altamonte

   4.1. In consideration of the Services to be rendered by Ledridge under this Agreement to Altamonte, Altamonte agrees to pay to Ledridge the annual fee of 5 000 US Dollars ("the Fee").
   4.2. Altamonte undertakes to:
   4.2.1. Provide any information and documentation that Ledridge reasonably requires to provide the Services;
   4.2.2. Ensure that any invoices which Ledridge will analyze and consider to be subject to payment will be paid promptly.



Fed. R. Crim. P. 6(e) Material
FOIA Confidential Treatment Requested

CGV_ 0009011

5. Obligations of CGV
   5.1. CGV is a necessary party to this Agreement in order to act as a liaison between the USA lawyers, Ledridge and Altamonte with no other obligations whatsoever.

6. Termination
   6.1. Either party may terminate this Agreement prior to the Termination Date by sending written notice informing them of their wish to terminate this Agreement if:

   (a) that other party commits a fundamental breach of its obligations under this Agreement and, in the case of a breach capable of remedy such breach is not remedied within 14 days of that other party being specifically required to do so;
   
   6.2. This Agreement shall terminate immediately without notice if:
   a) Either Party suspends or ceases any operations it has or indicates that it intends to cease such operations or becomes unable to pay its debts as they fall due; or
   b) Either Party has a receiver or liquidator appointed, or passes an effective resolution for winding up (except for the purpose of amalgamation, reconstruction or reorganization) or a court makes an order to that effect or a similar event occurs; or
   c) Distress or execution is levied against the property of either Party.
   6.3. Any termination of this Agreement shall be without prejudice to any rights or liabilities of the parties, which have accrued on or before the date of termination.

7. NOTICES

7.1 Any notice or other document to be given under this Agreement shall be in writing or in electronic form and shall be deemed to be fully given:
   (a) If sent in electronic form (without qualified electronic signature) from an authorized e-mail address of one party to an authorized e-mail address of another party.
   (b) If left at or sent by (i) first class post or airmail or (ii) telex or (ii) facsimile transmission or other means of telecommunications in permanent writing form to the address shown on the face hereof or other such address and or number as either party may by notice to the other expressly substitute thereof, and
   (c) when in the ordinary course of the means of transmission it would first be received by the addressee in normal business hours.

Authorized e-mail boxes:

   (i)   Altamonte Holdings Limited:              tr002@gonadiafin.com
   (ii)  LEDRIDGE INVESTMENTS LIMITED:            _____
   (iii) CHRISTODOULOS G. VASSILIADES & CO. LLC   _____

Fed. R. Crim. P. 6(e) Material
FOIA Confidential Treatment Requested

CGV_ 0009012

7.2. In proving the giving of a notice it shall be sufficient to prove that the notice was left or that the envelope containing such notice was properly addressed and dispatched or, as the case may be, electronically acknowledge.

8. ANCILLARY PROVISIONS

8.1. Nothing in this Agreement shall create or be deemed to create a partnership or the relationship of principal and agent or the relationship of employer and employee between the parties.

8.2. Neither party shall assign, encumber or dispose of any of its rights and obligations under this Agreement without the prior written consent of the other party, which shall not be unreasonably withheld.

8.3. If any part of this Agreement is found by a court or other competent authority to be invalid, unlawful or unenforceable then such part shall be severed from the remainder of this Agreement which shall continue to be valid and enforceable to the fullest extent permitted by law.

8.4. No delay or failure by either party to exercise any of its powers, rights or remedies under this Agreement shall operate as a waiver of them, nor shall any single or partial exercise of any such powers, rights or remedies preclude any other or further exercise of them. The remedies provided in this Agreement are cumulative and are not exclusive of any remedies provided by law.

8.5. Except as otherwise permitted by this Agreement, no change to its terms shall be effective unless it is in writing and signed by or on behalf of both parties.

9. GOVERNING LAW AND JURISDICTION

9.1. This Agreement shall be governed by and interpreted in accordance with the laws of Belize and the parties hereby submit to the jurisdiction of the courts of Belize.

10 SIGNATORIES OF THE PARTIES:

This Agreement has been executed by the duly authorized representatives of the Parties the day and year first above written.



Fed. R. Crim. P. 6(e) Material
FOIA Confidential Treatment Requested

CGV_ 0009013

SIGNED
on the date hereof
by Ledridge Investments Limited
acting by:

...[signature]... Director

[seal: LEDRIDGE INVESTMENTS LIMITED, No. 1787652, August 21, 2013, BVI]

In the presence of: ...[signature]...

SIGNED
on the date hereof
by Altamonte Holdings Limited
acting by:

...[signature]... Director

[seal: ALTAMONTE HOLDINGS LIMITED, No. 1821394, April 23, 2014, BVI]

In the presence of: ...[signature]...

SIGNED
on the date hereof
by Christodoulos G. Vassiliades & Co. LLC

...[signature]... Director

[seal: CHRISTODOULOS G. VASSILIADES & CO. LLC]

In the presence of: ...[signature]...

Fed. R. Crim. P. 6(e) Material
FOIA Confidential Treatment Requested

CGV_ 0009014