

U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

---

*The Jacob K. Javits Federal Building*
*26 Federal Plaza, 37th Floor*
*New York, New York 10278*

May 2, 2025

**BY ECF**
The Honorable Gregory H. Woods
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

      Re:    **United States v. Vadim Wolfson, a/k/a "Vadim Belyaev," and Gannon Bond, S2 24 Cr. 91 (GHW)**

Dear Judge Woods:

      The Government writes to respectfully request that the Court enter an order, pursuant to Federal Rule of Criminal Procedure 16(b), directing the defendants, Vadim Wolfson and Gannon Bond, to each respectively (1) disclose to the Government reciprocal discovery, by Friday May 16, 2025, and on a rolling basis thereafter, and (2) identify for the Government any exhibits the defendant intends to introduce at trial, whether through cross-examination or during the defense case, by Monday, June 2, 2025.[1]  The Government has requested discovery from each defendant since at least on or about March 27, 2024, and has, to-date, only received (insufficient) expert notice from defendant Wolfson.[2]  More recently, on March 17, April 30, and May 2, 2025, the Government specifically requested Rule 16(b) materials from the defendants, including those relating to Wolfson's proposed expert and any motions pending before the Court (such as motion practice relating to Wolfson's proposed expert).  On May 2, 2025, Wolfson's counsel advised that he plans to produce Rule 16(b) materials relating to his proposed expert, William McCausland, early next week.[3]

---

[1] This date is consistent with the pretrial disclosure schedule set forth in the Government's motion practice, which includes the exchange of exhibits between the parties on June 2, 2025, two weeks prior to trial.  (Dkt. 160 at 20-21).  Wolfson has proposed an alternative date of May 26, 2025, for the Government's production of exhibits (Dkt. 139 at 14-15); should the Court adopt Wolfson's proposal, the Government requests that the defendants be ordered to produce their respective defense exhibits to the Government on May 26, 2025.

[2] The Government has set forth in great detail the deficiencies in Wolfson's expert notice in its motions *in limine*.  (Dkts. 137 §§ I.A, IB, 168 § 1).

[3] Counsel for Wolfson and Bond have each advised that they do not plan to use any materials in their respective cases-in-chief that have not already been produced by the Government.

The Government respectfully submits this application to ensure that: (1) the Government has an adequate opportunity to review each defendant's respective discovery and exhibits, including in order to determine the authenticity and admissibility of records, to request any applicable translations, and to file any supplemental motions regarding these materials in advance of trial; (2) the parties have an adequate opportunity to confer regarding any potential defense exhibits prior to the Final Pretrial Conference in this matter; and (3) there will be no unnecessary delays because of untimely defense disclosures.

## **DISCUSSION**

Rule 16 entitles the Government to reciprocal discovery. Rule 16(b) provides, in relevant part, that if a criminal defendant requests disclosure from the Government under Rule 16(a)(1)(E), the defendant must also permit the Government to inspect any document or record that the defendant "intends to use . . . in the defendant's case-in-chief at trial." Fed. R. Crim. P. 16(b)(1)(A). Here, the Government has been producing discovery to the defendants since at least in or about March 2024, and, except for Wolfson's expert notice, has not received any reciprocal discovery to date, including any underlying materials supporting Wolfson's proposed expert's opinions.

The defendants are undeniably obligated to produce reciprocal discovery prior to trial under Rule 16(b). Fed. R. Crim. P. 16(b). In ordering pre-trial disclosure of defense discovery and exhibits, courts have made clear that, while defendants may "delay the decision as to whether or not to testify until the end of the presentation of the Government's case, 'the trial strategy determination is not so protected.'" *United States v. Shea*, No. 20 Cr. 412 (AT), Dkt. 206 at 1 (quoting *United States v. Ryan*, 448 F. Supp. 810, 811 (S.D.N.Y. 1978), *aff'd*, 594 F.2d 853, 811 (2d Cir. 1978)); *see also United States v. Jasper*, No. 00 Cr. 825 (PKL), 2003 WL 223212, at *5 (S.D.N.Y. Jan. 31, 2003) (granting Government request for Rule 16(b) discovery order). Accordingly, where "the defendant has availed himself of the strategy to obtain discovery of the government, he must comply with the requirement for reciprocal discovery." *Shea*, No. 20 Cr. 412 (AT), Dkt. 206 at 1 (internal quotation marks omitted); *see also United States v. Rajaratnam*, No. S2 09 Cr. 1184 (RJH), 2011 WL 723530, at *5 (S.D.N.Y. Feb. 25, 2011) ("A defendant would always like more information about the government's case before revealing anything about his or her own, but Rule 16 conditions a defendant's disclosure obligations on the government's having made certain specified disclosures, not on the government's laying open its entire case or the defendant's satisfaction."). Such production of defense exhibits is required under Rule 16(b) and also promotes fairness and trial efficiencies. *See, e.g.*, *United States v. Weiss*, 930 F.2d 185, 199 (2d Cir. 1991) (affirming preclusion of evidence defendant had failed to produce and explaining that permitting defendant to use documents the prosecution had not timely seen "would have given the defense an unfair advantage"); *United States v. Ortega*, No. 22 Cr. 91 (RA), Dkt. 93 at 2 (S.D.N.Y. Jan. 10, 2023) ("Should Defendant fail to produce material subject to his disclosure obligations under Rule 16, he will be precluded from using such evidence during his case-in-chief."); *Shea*, No. 20 Cr. 412 (AT), Dkt. 206 at 1 ("Defendant is also reminded that the Court has 'broad discretion in fashioning a remedy' to address any instances of a party's non-compliance with their Rule 16 obligations, including 'ordering the exclusion of evidence' where it finds that Defendant could have timely disclosed such evidence under Rule 16, but chose not to do so." (quoting *United States v. Lee*, 834 F.3d 145, 158 (2d Cir. 2016))); *Jasper*, 2003 WL 223212, at *5

n.8 (quoting *Weiss*, 940 F.2d at 199). Accordingly, the Court should enter the Government's requested order directing defendants to provide reciprocal discovery under Rule 16(b) on May 16, 2025.

Consistent with Rule 16(b), this Court, as well as other Judges in this District, have regularly required disclosure of defense exhibits in advance of trial, including over a defendant's objection. *See United States v. Melzer*, No. 20 Cr. 314 (GHW), Dkt. 131 (S.D.N.Y. Jun. 16, 2022) (11 days before trial over objection); *United States v. Grant*, No. 16 Cr. 468 (GHW), Dkt. 283 (S.D.N.Y. May 21, 2018) (three weeks before trial); *see also, e.g.*, *Ortega*, No. 22 Cr. 91 (RA), Dkt. 93 (S.D.N.Y. Jan. 10, 2023) (approximately one week before trial); *United States v. Shah*, No. 19 Cr. 833 (SHS), Dkt. 583, at 7-8 (S.D.N.Y. July 5, 2022) (11 days before trial over objection); *United States v. Liu*, No. 19 Cr. 804 (VEC), Dkt. 177 (S.D.N.Y. Feb. 28, 2022) (12 days before trial over objection); *United States v. Gillier*, No. 11 Cr. 409 (PAE), Dkt. 75 (S.D.N.Y. Feb. 1, 2022) (approximately three weeks before trial); *United States v. Avenatti*, No. 19 Cr. 374 (JMF), Dkt. 213 (S.D.N.Y. Jan. 7, 2022) (approximately two weeks before trial over objection); *United States v. Maxwell*, No. 20 Cr. 330 (AJN), Dkt. 297 (S.D.N.Y. June 2, 2021) (three weeks before trial over objection); *Shea*, No. 20 Cr. 412 (AT), Dkt. 206 (14 days before trial over objection); *United States v. Brennerman*, No. 17 Cr. 337 (RJS), Dkt. 24 (S.D.N.Y. Aug. 3, 2017) (18 days before trial); *United States v. Percoco*, No. 16 Cr. 776 (VEC), Dkt. 396 (S.D.N.Y. Dec. 15, 2017) (more than a month before trial over objection); *United States v. Calk*, No. 19 Cr. 366 (LGS), Dkt. 180 (S.D.N.Y. Mar. 25, 2021) (six weeks before trial); *id.* Dkt. 262, at 341 (S.D.N.Y. Jun. 29, 2021) (mid-trial order to defense to produce any unmarked exhibits for cross-examination at least one business day in advance of testimony); *United States v. Madonna*, No. 17 Cr. 89 (CS), Dkt. 655 (S.D.N.Y. Mar. 1, 2019) (approximately one month before trial); *United States v. Stewart*, No. 15 Cr. 287 (LTS), Minute Entry (S.D.N.Y. Jan. 29, 2016) (18 days before trial); *United States v. Ulbricht*, No. 14 Cr. 68 (KBF), Dkt. 93 (S.D.N.Y. Oct. 17, 2014) (approximately one month before trial). Pretrial production of defense exhibits also promotes fairness and trial efficiencies. *See Melzer*, No. 20 Cr. 314 (GHW), Dkt. 150, at 14 (noting that pretrial disclosure of defense exhibits "will aid in the efficient and orderly presentation of the government's and the defendant's respective cases at trial" and "allow the parties to raise any evidentiary issues with the Court in advance and, therefore, reduce the need for delay and disruption at trial and for the parties to brief and the Court to resolve any disputed issues").

The disclosure deadline should apply to any exhibits the defense intends to introduce at trial—including on cross examination for non-impeachment purposes. "The term 'case-in-chief' has been interpreted to encompass 'all non-impeachment exhibits they intend to use in their defense at trial, whether the exhibits will be introduced through a government witness or a witness called by a defendant.'" *Id.* at 13 (quoting *United States v. Napout*, No. 15 Cr. 252 (PKC), 2017 WL 6375729, at *7 (E.D.N.Y. Dec. 12, 2017)). "Nearly every court to consider the issue has concluded the same." *United States v. Crowder*, 325 F. Supp. 3d 131, 136 (D.D.C. 2018) (collecting cases). "[T]o permit defendants to evade pretrial disclosure simply by presenting much (or all) of their case-in-chief before the government rests would frustrate the practical intentions behind Rule 16: to avoid unfair surprise and unwarranted delay by providing both the government and the defense with a broad, reciprocal, right to discovery." *Id.* (citing Fed. R. Crim. P. 16 advisory committee's note to 1974 amendment). Therefore, "where a defendant cross-examines a government witness to 'buttress[] her theory of the case,' rather than to impeach the testimony

given by the witness on direct examination, '[t]he cross-examination . . . is properly seen as part of the defendant's case-in-chief.'" *Napout*, 2017 WL 6375729, at *7 (quoting *United States v. Hsai*, No. 98 Cr. 57, 2000 WL 195067, at *2 (D.D.C. Jan. 21, 2000)).

For the reasons set forth above, the Government respectfully requests that the Court order the defense to produce reciprocal discovery by or before May 16, 2025, and on a rolling basis thereafter, and defense exhibits by or before June 2, 2025.[4]

                                      Respectfully submitted,

                                      JAY CLAYTON
                                      United States Attorney

By: s/_____
     Emily Deininger
     David R. Felton
     Jane Kim
     Assistant United States Attorneys

---

[4] The Government requests that its proposed order be amended from June 2, 2025, to May 26, 2025, if the Court adopts Wolfson's exhibit schedule.